KARIN J. IMMERGUT, OSB #96314
United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, Oregon 97204-2902

**JEREMY N. HENDON, OSB #98249**
**NATHANIEL B. PARKER**
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 353-2466
         (202) 307-6547
Facsimile: (202) 307-0054
Email: Jeremy.Hendon@usdoj.gov
      Nathaniel.B.Parker@usdoj.gov
      Western.Taxcivil@usdoj.gov

(Attorneys for the United States)

## IN THE UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DARYL J. KOLLMAN, MARTA C. CARPENTER (fka MARTA C. KOLLMAN), KLAMATH COUNTY, NEAL G. BUCHANAN, THE NEW ALGAE COMPANY, RGL GALLAGHER LLP, JOHN NEUBAUER, CELL TECH INTERNATIONAL, INC., STOEL RIVES, LLP, GERSHAM GOLDSTEIN, EILEEN DRAKE<br><br>　　　　　　　Defendants. | Civil No. 1:08-cv-03027<br><br>**FIRST AMENDED COMPLAINT TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AND FORECLOSE FEDERAL TAX LIENS ON REAL PROPERTY** |

UNITED STATES' COMPLAINT

COMES NOW the United States of America, and complains and alleges as follows:

1. This is a civil action brought by the United States (i) to reduce to judgment the outstanding joint federal income tax liabilities assessed against Daryl J. Kollman ("Kollman") and Marta C. Carpenter (fka Marta C. Kollman) ("Carpenter") and (ii) to foreclose its tax liens against the two parcels of real property described in paragraphs 7 and 8, below.

2. This civil action is brought pursuant to 26 U.S.C. Sections 7401 and 7403, at the direction of the Attorney General of the United States, with the authorization and at the request of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury.

3. The Court has jurisdiction over this action pursuant to 26 U.S.C. Section 7402 and 28 U.S.C. Sections 1340 and 1345.

4. Venue properly lies in this judicial district where Kollman and Carpenter reside, where the tax liabilities accrued, and where the parcels of real property at issue in this suit are located.

5. The defendants may claim an interest in the parcels of real property, more fully described in paragraphs 7 and 8, below, which are located in this judicial district.

6. Kollman and Carpenter each reside within the jurisdiction of this Court.

7. The first parcel of real property upon which foreclosure is sought is real property located at 2850 Lakeshore Drive, Klamath Falls, Oregon 97601 ("SHR"). The legal description of such real property is set forth in Exhibit "A" attached hereto and is incorporated by reference herein.

8. The second parcel of real property upon which foreclosure is sought is real

property located at 51775 Highway 62, Fort Klamath, Oregon ("ROL").  The legal description of such real property is set forth in Exhibit "B" attached hereto and is incorporated by reference herein.

       9.       Defendant Klamath County is named a party to this action pursuant to 26 U.S.C. Section 7403(b) because it may claim an interest in both SHR and ROL.

       10.      Defendant Neal G. Buchanan is named a party to this action pursuant to 26 U.S.C. Section 7403(b) because he may claim an interest in SHR.

       11.      Defendant The New Algae Company is named a party to this action pursuant to 26 U.S.C. Section 7403(b) because it may claim an interest in SHR.

       12.      Defendant RGL Gallagher, LLP, is named a party to this action pursuant to 26 U.S.C. Section 7403(b) because it may claim an interest in ROL.

       13.      Defendant John Neubauer is named a party to this action pursuant to 26 U.S.C. Section 7403(b) because he may claim an interest in ROL.

       14.      Defendant Cell Tech International, Inc., is named a party to this action pursuant to 26 U.S.C. Section 7403(b) because it may claim an interest in ROL.

       15.      Defendant Stoel Rives, LLP is named a party to this action pursuant to 26 U.S.C. Section 7403(b) because it may claim an interest in ROL.

       16.      Defendant Gerhsam Goldstein is named a party to this action pursuant to 26 U.S.C. Section 7403(b) because he may claim an interest in ROL.

       17.      Defendant Eileen Drake is named a party to this action pursuant to 26 U.S.C. Section 7403(b) because she may claim an interest in ROL.

## FIRST CLAIM FOR RELIEF TO REDUCE JOINT FEDERAL INCOME TAX ASSESSMENTS TO JUDGMENT

18.    The United States reasserts the allegations made in paragraphs 1 through 17 above, as if fully set forth herein.

19.    On the dates and in the amounts set forth below, a delegate of the Secretary of Treasury made assessments for unpaid joint federal income taxes (IRS Form 1040) against Kollman and Carpenter for the tax period ending December 31, 1996, as follows:

| TYPE OF TAX | ASSESSMENT DATE | AMOUNT ASSESSED | UNPAID BALANCE OF ASSESSMENTS1/ |
|---|---|---|---|
| Form 1040 | 11/24/97 | $ 11,923,218.00 t | |
| | 11/24/97 | $ 258,834.16 ftp | |
| | 11/24/97 | $ 359,551.47 i | |
| | 02/23/98 | $ 10.00 fcc | |
| | 07/24/00 | $ 10.00 fcc | |
| | 05/13/02 | $ 40.00 fcc | |
| | 05/20/02 | $ 18.00 fcc | |
| | 10/14/02 | $ 1,096.36 fcc | |
| | 03/17/03 | $ 471.63 fcc | |
| | 03/17/03 | $ 40.00 dcp | |
| | 10/27/03 | $ 2,487.03 fcc | |
| | 11/28/05 | $ 778,503.87 ftp | |
| | 04/16/07 | $ 20.00 fcc | |
| | 08/06/07 | $ 1,925.61 fcc | |
| | 08/06/07 | $ 99.75 fcc | |
| | 08/06/07 | $ 77.00 fcc | |
| | 12/31/07 | $ 20.00 fcc | |
| | | | $ 5,593,533.09 |

t   = tax
ftp = failure to pay penalty (26 U.S.C. § 6651)
i   = interest (26 U.S.C. § 6601)
fcc = fees and collection costs
dcp = dishonored check penalty

---

1/ Including accrued but unassessed interest and penalties through March 10, 2008.

20.     On the dates and in the amounts set forth below, a delegate of the Secretary of Treasury made assessments for unpaid joint federal income taxes (IRS Form 1040) against Kollman and Carpenter for the tax period ending December 31, 1997, as follows:

| TYPE OF TAX | ASSESSMENT DATE | AMOUNT ASSESSED | | UNPAID BALANCE OF ASSESSMENTS[2/] |
|---|---|---|---|---|
| Form 1040 | 10/20/98 | $ 7,242,497.00 | t | |
|  | 10/20/98 | $ 301,412.97 | i | |
|  | 02/28/00 | $ 42.00 | fcc | |
|  | 11/28/05 | $ 1,359,685.34 | ftp | |
|  |  |  |  | $ 9,141,446.68 |

```
t   = tax
i   = interest (26 U.S.C. § 6601)
fcc = fees and collection costs
ftp = failure to pay penalty (26 U.S.C. § 6651)
```

21.     Timely notice of, and demand for payment of, the assessments set forth in paragraphs 19 and 20, above, have been made upon Kollman and Carpenter as required by Section 6303 of the Internal Revenue Code.

22.     Despite notice and demand for payment of the assessments set forth in paragraphs 19 and 20, above, Kollman and Carpenter have neglected, refused, or failed to pay those assessments and there remains due and owing to the United States on those assessments the total sum of $14,734,979.77, plus statutory additions running from March 10, 2008, as provided by law.

///

///

---

[2/] Including accrued but unassessed interest and penalties through March 10, 2008.

## SECOND CLAIM FOR RELIEF TO FORECLOSE FEDERAL
## TAX LIENS AGAINST TWO PARCELS OF REAL PROPERTY AND
## OBTAIN AN ORDER FOR JUDICIAL SALE

23. The United States realleges the allegations of paragraphs 1 through 22, above.

24. As a result of the unpaid assessments described in paragraphs 19 and 20, above, pursuant to 26 U.S.C. Sections 6321 and 6322, the United States has liens in its favor against all property and rights to property belonging to Kollman and Carpenter as of the dates of those assessments. In addition, said liens immediately attached to all after-acquired property or rights to property, including SHR and ROL.

25. The IRS filed a Notice of Federal Tax Lien ("NFTL") with the Office of the County Clerk, Klamath County, on or about February 3, 1998, against Kollman and Carpenter for the assessments for tax year 1996 described in paragraph 19, above. The IRS refiled this NFTL with the Office of the County Clerk, Klamath County, on or about March 29, 2007.

26. The IRS filed a NFTL with the Office of the County Clerk, Klamath County, on or about February 10, 2000, against Kollman and Carpenter for the assessments for tax year 1997 described in paragraph 20, above.

27. The tax liens arising from the assessments described in paragraphs 19 and 20, above, continue to attach to SHR and ROL.

### **SHR**

28. On or about June 27, 1994, Kollman and Carpenter acquired SHR jointly and held the property as husband and wife.

29. On or about April 13, 1995, Kollman and Carpenter conveyed title to SHR to themselves as tenants in common.

30. On May 20, 2002, a Judgment of Dissolution of Marriage; Money Judgment was entered in Kollman's and Carpenter's divorce proceeding in the Circuit Court of the State of Oregon For the County of Klamath.

31. On or about May 21, 2002, 3 separate judgments, in the amounts of $20,000.00, $397,098.00, and $300.00, were entered with respect to SHR, against Carpenter, and in favor of Kollman.

32. On or about June 3, 2002, Kollman transferred all of his interest in SHR to Carpenter based on the Judgment of Dissolution of Marriage described in paragraph 30, above.

33. On or about January 29, 2004, a fourth judgment in the amount of $44,381.50 was entered with respect to SHR, against Carpenter, and in favor of Kollman.

34. On or about March 15, 2004, a fifth judgment, in the amount of $8,200.00 plus 9% interest with $2,500.00 suspended upon conditions, was entered with respect to SHR, against Carpenter, and in favor of Kollman.

35. On or about November 8, 2004, a sixth judgment, in the amount of $40,000,000.00, was entered with respect to SHR, against Carpenter and Donald Hateley, and in favor of Kollman on behalf of Cell Tech International, Inc.

36. On or about December 21, 2005, a judgment, in the amount of $6,480.00, was entered with respect to SHR, against Carpenter, and in favor of Neal Buchanan.

37. On or about July 28, 2006, a Tenant's Memorandum of Lease was recorded with the Office of the County Clerk, Klamath County, with respect to only the portion of the SHR known as the "Harvest Area." The landlord is identified as Carpenter and the tenant is identified as The New Algae Company.

38. On or about September 7, 2006, a Commercial Lease Agreement was recorded with the Office of the County Clerk, Klamath County, with respect to 3 listed buildings. The landlord is identified as Carpenter and the tenant is identified as The New Algae Company.

## ROL

39. On or about June 18, 1999, Kollman and Carpenter acquired ROL as tenants in common.

40. On May 20, 2002, a Judgment of Dissolution of Marriage; Money Judgment was entered in Kollman's and Carpenter's divorce proceeding in the Circuit Court of the State of Oregon For the County of Klamath.

41. On or about August 6, 2002, a judgment was entered with respect to ROL, against Kollman, and in favor of RGL Gallagher, LLP.

42. On or about July 26, 2004, a judgment was entered with respect to ROL, against Kollman, and in favor of John Neubauer.

43. On or about January 11, 2005, a judgment was entered with respect to ROL, against Kollman, and in favor of Cell Tech International, Inc.

44. On or about January 13, 2005, Carpenter transferred all of her interest in ROL to Kollman.

45. On or about April 11, 2007, a judgment was entered with respect to ROL, against Kollman, and in favor of Stoel Rives, LLP, Gersham Goldstein, and Eileen Drake.

46. The tax liens arising from the assessments described in paragraphs 19 and 20, above, have priority over all interests in SHR and ROL acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. Section 6323(a).

47.     Under 28 U.S.C. Section 7403(c), the United States of America is entitled to a decree of sale of SHR and ROL to enforce its tax liens.

WHEREFORE, the United States of America prays as follows:

A.      That this Court determine and adjudge that Kollman and Carpenter are indebted to the United States of America, jointly and severally, in the amount of $14,734,979.77, plus statutory additions running from March 10, 2008, as provided by law, or in such amount as the Court determines, and the United States recover judgment therefore;

B.      That this Court adjudge and decree that the United States has valid subsisting liens against the real property described in paragraphs 7 and 8, above;

C.      That the Court order that the federal tax liens of the United States be foreclosed upon the real property described in paragraphs 7 and 8, above; that SHR and ROL be ordered sold by a court-appointed IRS Property and Liquidation Specialist at a judicial sale; that the proceeds thereof be first applied to the costs of such sale and that the balance of such proceeds of sale be distributed to the United States and the defendants according to their relative priorities (and to the extent their claims have not already been satisfied or are no longer enforceable) and that the amount distributed to the United States be applied to the above described federal tax liabilities; and

D.      That the United States be awarded its costs and such other relief as is just and

///

///

///

///

proper.

        DATED this 4th day of April, 2008.

                                            KARIN J. IMMERGUT
                                          United States Attorney

                                          /s/ Nathaniel B. Parker
                                          JEREMY N. HENDON
                                          NATHANIEL B. PARKER
                                          Trial Attorneys, Tax Division
                                          U.S. Department of Justice
                                          Ben Franklin Station
                                          P.O. Box 683
                                          Washington, D.C.  20044